## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$497,440.00 IN U.S. CURRENCY, AND<br>AN ACER LAPTOP COMPUTER,<br><br>Defendants. | Civil No. 8:18CV_5 7 5<br><br><br>**COMPLAINT FOR FORFEITURE _IN REM_** |

The United States of America, for its cause of action against the defendant properties,

pursuant to Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset

Forfeiture Actions, states and alleges as follows:

### Nature of the Action

1. This is an action to forfeit property to the United States for violations of 21 U.S.C.
   § 881(a).

### The Defendant _In Rem_

2. The defendant properties include $497,440 in United States currency and an Acer Laptop
   computer seized from Charles M. Bucher II on April 7, 2016, during a traffic stop near
   mile marker 375 on westbound Interstate 80 in Seward County, Nebraska.

3. Bucher was the sole occupant of the truck and identified by his passport. The truck was
   registered in Bucher's father's name, but Bucher said his father gave the truck to him.

### Jurisdiction and Venue

4.   This Court has subject matter jurisdiction over an action commenced by the United States

pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C.

§ 1355(a). This Court also has jurisdiction over this particular action pursuant to

21 U.S.C. § 881.

5.   This Court has *in rem* jurisdiction over the Defendant property pursuant to 28 U.S.C.

§ 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this

district.

6.   Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or

omissions giving rise to the forfeiture occurred in this district.

### Basis for the Forfeiture

7.   The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because

it constitutes 1) money, negotiable instruments, securities and other things of value

furnished or intended to be furnished in exchange for a controlled substance in violation

of the Controlled Substances Act, 2) proceeds traceable to such an exchange, or 3)

money, negotiable instruments and securities used and intended to be used to facilitate a

violation of the Controlled Substances Act.

### Facts

8.   On April 7, 2016, Seward County Sheriff's Deputy and U.S. Department of Homeland

Security Task Force Officer Sergeant Mike Vance was patrolling Interstate 80 in Seward

County Nebraska.  Vance was parked facing north in the cross over near mile marker 378

when he saw a full size white pickup truck traveling west in the inside lane (passing lane)

2

28. Vance received notification from the 911 center that Bucher had prior arrests for narcotics violations.

29. Vance explained the warning to Bucher and asked Bucher to sign the warning. Bucher signed the warning.

30. Vance told Bucher he was free to go, and Bucher began to open his door.

31. Through Vance's training and experience, Vance knew that persons involved in criminal trafficking in illegal narcotics often possess currency to purchase such illegal narcotics and facilitate the purchase of such illegal narcotics.

32. As a result of his training and experience, and considering the numerous indicators taken together in their entirety, Vance developed more than reasonable suspicion that Bucher was involved in this type of criminal activity and decided to investigate further into this probability by asking Bucher questions.

33. Vance asked Bucher if he could ask him a few questions and Bucher replied "yeah."

34. Vance asked Bucher if he had any weapons in the truck. Bucher looking straight at Vance replied no sir without hesitation.

35. Vance then asked Bucher if he had any large amounts of U.S. currency in his vehicle. Bucher's eyes rolled towards his truck and he softly replied no.

36. Vance asked Bucher if he had any drugs in the truck such as marijuana, cocaine, meth or heroin. Again, Bucher looked straight at Vance and without hesitation replied no.

37. Vance then asked Bucher if he could search his truck, and Bucher replied "yeah."

5

38.    Vance began the search of the truck in the front passenger area, retrieving three cell
       phones -- one white smart phone (in the cup holder in the console), black flip phone (on
       the console), and another black flip phone (inside the console).

39.    Vance also found a white Acer small lap top computer and a spiral note book with several
       pages of writing on it.

40.    Vance found that the back pack in the rear seat had approximately three changes of
       clothing in it.

41.    Lifting up the rear seat revealed a factory compartment. Vance opened the compartment
       and found numerous vacuum sealed bags of U.S. currency. The currency was mostly
       rubber banded stacks and vacuum sealed.

42.    Vance returned to his patrol car and contacted dispatch, requesting assistance of another
       Deputy.

43.    Vance advised Bucher of his Miranda Rights. Bucher indicated that he understood.

44.    Vance asked Bucher how much currency he had hidden in the truck. Bucher replied, "I
       don't know." Bucher then stated, "I think I need a lawyer."

45.    Vance then told Bucher that it was obvious that Bucher was transporting the money for
       someone else or Bucher would know how much currency was in the truck. Vance did not
       ask Bucher any questions or engage in further discussion.

46.    Vance placed Bucher under arrest.

47.    Law enforcement transported Bucher to the Seward County Jail.

48.    Vance placed the currency in the back of his patrol car and transported the currency to the
       Sherriff's Office.

6

49. The truck was towed to the Seward County Sherriff's office.

50. At the Sherriff's Office, Vance placed five empty boxes in the sally port and deployed his K-9, Igor, to smell the boxes. Igor did not alert or indicate regarding any of the five boxes.

51. Out of sight of Vance and Igor, another officer placed the currency seized from the truck in one of the five boxes.

52. Vance and Igor returned to the sally port and Vance again deployed Igor to smell the boxes. Igor gave an alert and positive indication to box number three. Vance opened box number three and found the currency in that box.

53. Homeland Security personnel conducted a count of the currency recovered from the truck, and found a total of $167,480.00 in U.S. currency.

54. Law enforcement parked the truck in a secure location.

55. On April 11, 2016, Vance returned to duty and photographed Bucher's white truck for evidence and inventory purposes.

56. Vance opened the tailgate to photograph the rear area of the truck (to show there were no contents) and noticed a corner of a vacuum sealed bag visible through the factory hole in the tail gate.

57. Vance obtained a search warrant for the white truck.

58. Thereafter, law enforcement removed the screws (which were not factory screws) from the tailgate of the white truck and recovered vacuum sealed bags of U.S. currency. An initial count of the currency totaled $329,960.00.

7

59.   Law enforcement also searched under the hood of the white truck.  Looking under the air filter, they discovered approximately 6 grams of raw marijuana.  This discovery showed that narcotics had been transported in that area of the truck.

60.   Law enforcement transported the currency recovered from the various locations in Bucher's truck to Jones National Bank for an official count, which was $497,440.00.00 in total U.S. currency.

## Claim for Relief
### First Claim for Relief

61.   Plaintiff repeats and incorporates by reference the paragraphs above.

62.   By the foregoing and other acts, the defendant $497,440.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### Second Claim for Relief

63.   Plaintiff repeats and incorporates by reference the paragraphs above.

64.   By the foregoing and other acts, the defendant $497,440.00 in United States currency constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

8

## Third Claim for Relief

65.    Plaintiff repeats and incorporates by reference the paragraphs above.

66.    By the foregoing and other acts, the defendant $497,440.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that the defendant property be forfeited to the United States; that the defendant property be disposed of according to law and regulations; that the costs of this action be assessed against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

JOSEPH P. KELLY
United States Attorney

By    s/ Amy Blackburn
Amy B. Blackburn (MO #48222)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
E-mail: amy.blackburn@usdoj.gov

9

## **VERIFICATION**

I, Sergeant Mike Vance, hereby verify and declare under penalty of perjury that I am a Taskforce Officer with the Seward County Sheriff's Office, U.S. Department of Homeland Security, that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs 1 through 66 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Taskforce Officer with the Seward County Sheriff's Office, U.S. Department of Homeland Security.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: December 13, 2018

Sgt. Mike Vance
Task Force Officer
Seward County Sheriff's Office U.S.
Department of Homeland Security

10